**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4701

MARK PITT, a/k/a Salam,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-97-13-H)

Submitted: June 30, 1998

Decided: July 20, 1998

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Jane J. Jackson, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Pitt pleaded guilty to conspiring to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (1994), and was sentenced to 292 months' imprisonment. On appeal, Pitt maintains that the court erred in sentencing him as a career offender pursuant to USSG § 4B1.1. **1** Finding no reversible error, we affirm.

We review the district court's classification of Pitt as a career offender de novo. See United States v. Johnson , 114 F.3d 435, 444 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5705). A defendant is a career offender if: (1) he was at least eighteen years old at the time of the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. See USSG § 4B1.1.

Pitt challenges only the district court's determination that he satisfied the third element. Although Pitt concedes that he has two prior felony convictions involving either a crime of violence or drug offenses, Pitt maintains that the district court erred in relying on a probation officer's determination that Pitt's prior convictions qualify as predicate offenses for career offender purposes because they were separated by an intervening arrest, and therefore not related. Pitt contends that the court's reliance on the probation officer's presentence report was improper in light of Pitt's objections to that factual finding and the government's failure to introduce extrinsic evidence on the disputed issue.

_____

**1** U.S. Sentencing Guidelines Manual § 4B1.1 (Nov. 1997).

2

Under the sentencing guidelines, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. USSG§ 4A1.2, comment. (n.3). Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest, i.e., the defendant is arrested for the first offense prior to committing the second offense. Id.

The presentence report discloses that Pitt's prior state felony convictions which served as the predicate offenses for Pitt's career offender status are a 1990 conviction for conspiracy to traffic in more than 400 grams of cocaine and a 1991 conviction for engaging in a continuing criminal enterprise. With respect to the first conviction, Pitt was convicted as a result of a seizure of 700 grams of cocaine. Pitt was implicated by a co-conspirator. He was arrested on those charges on August 31, 1989,[2] but remained on bond until his trial in April 1990. The second conviction is based on Pitt's arrest on July 3, 1990, at which time he was charged with carrying on a criminal enterprise, as the leader of a drug operation that distributed approximately $20,000 in cocaine a week. The probation officer reported that the continuing criminal enterprise charge was based on conduct occurring as early as June 1987 to January 31, 1990, after the date of the first arrest.

Pitt's main contention on appeal is that, although Pitt began the conduct leading to his second conviction prior to his first conviction, the government did not establish that Pitt continued his conduct involving the continuing criminal enterprise charge after the first arrest.[3] He asserts that the court's reliance on the presentence report for the finding that Pitt engaged in such conduct after the first arrest, and the probation officer's conclusion that the two offenses must therefore be

_____

[2] Pitt was also charged on this date with possession with intent to sell/deliver cocaine and sale of cocaine. He was not convicted and sentenced on this charge until August 27, 1991.

[3] The probation officer conceded that if Pitt had not continued in the conduct underlying the continuing criminal enterprise charge after the first arrest, the two convictions should be considered related.

3

deemed unrelated and can qualify as separate predicate offenses for sentencing purposes, is unfounded.

The government may meet its burden of proof on an issue through information contained in the presentence report unless the defendant properly objects to a recommended finding in the report. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). To properly object, the defendant must make an affirmative showing that the information objected to is inaccurate or unreliable. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Absent an affirmative showing that the information is inaccurate, the district court was free to adopt the findings of the presentence report without more specific inquiry or explanation.

Although Pitt repeatedly refers to the Government's failure to establish that Pitt engaged in conduct leading to the continuing criminal enterprise conviction after the first arrest and strongly objects to such a finding in the presentence report, he has not made an affirmative showing of why this finding is inaccurate and unreliable. In fact, at the sentencing hearing, defense counsel stated:

> Ms. Jolly in her summary, indicated that I would stipulate that the Defendant continued his drug activity after his arrest in the conspiracy -- what I would agree to is that they have evidence that the Defendant continued on in the drug conspiracy. I would agree that there was [sic] witnesses who would be able to say that.

(J.A. 28).

In light of the above, we cannot find that the sentencing court erred in concluding that the two prior convictions qualified as separate predicate offenses for criminal history purposes. We therefore affirm Pitt's sentence as a career offender. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4